UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>          v.<br><br>GREGORY R. OBENDORF,<br><br>                  Defendant. | Case No. 1:15-cr-00254-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion in limine filed by the Government. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

Defendant Obendorf gave notice that he intends to rely on the entrapment by estoppel defense, and the Government responded with a motion in limine to exclude any evidence of the defense. Entrapment by estoppel is the "unintentional entrapment by an official who mistakenly misleads a person into a violation of the law," and it is a theory derived from the due process clause. *US v Schafer,* 625 F.3d 629, 637 (9th Cir. 2010). To establish this defense, a defendant "must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told [the defendant] the proscribed conduct was permissible, (4) that [the defendant] relied on the false information, and (5) that [the]

**Memorandum Decision & Order – page 1**

reliance was reasonable." *Id*. An entrapment by estoppel defense is "available only when [the] defendant can demonstrate a reasonable belief that his conduct was sanctioned by the government." *U.S. v. Burrows*, 36 F.3d 875, 882 (9th Cir.1994). The defendant cannot rely on the approval of state officials but rather must "rely on the advice or authority of federal officials or agents." *U.S. v. Mack,* 164 F.3d 467, 474 (9th Cir. 1999).

A district court may require a criminal defendant to make a pretrial offer of proof on the entrapment by estoppel defense to demonstrate that the evidence in support of that defense is sufficient as a matter of law to satisfy the essential elements of the defense. *Id.* When a defendant fails to make a prima facie showing for the defense, the defendant may be precluded from presenting the defense, as well as any supporting evidence, at trial. See *U.S. v. Blair,* 2000 WL 126092 at *1-2 (9th Cir. 2000)(unpublished opinion) (affirming exclusion at trial of all evidence of approval by non-federal agent).

Obendorf's proffer states that he relied on Idaho Department of Fish and Game officials Charlie Justus and Brian Marek. *See Obendorf Brief (Dkt. No. 53)*. His proffer does not include any evidence that these two officials affirmatively told him that his actions were permissible. But even if they did, there is no evidence whatsoever that they were federal officials or purported to be federal officials.

In response, Obendorf argues that the two Idaho agents were essentially federal agents because "the investigation in this case was worked by both agencies [federal and state], essentially 'hand-in-hand.'" *Id.* at p. 1, n.1. But Obendorf provides no authority that a state official becomes a federal official by assisting in an investigation. Thus, even assuming the truth of Obendorf's proffer, no federal official approved his actions and any

**Memorandum Decision & Order – page 2**

evidence of his entrapment by estoppel defense must be excluded under the case law set forth in *Mack* and *Blair*.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine filed by the Government (docket no. 48) is GRANTED and any evidence of Obendorf's estoppel by exclusion or public authority defense shall be excluded from trial.

DATED: May 4, 2016

B. Lynn Winmill
Chief Judge
United States District Court