UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>GREGORY R. OBENDORF,<br><br>                    Defendant. | Case No. 1:15-cr-00254-BLW<br><br>**ORDER** |

The Court has before it several pre-trial motions. The Court will address each below.

### I.      Motion to Dismiss for Duplicity

Obendorf asks the Court to dismiss Count Two of the Indictment for duplicity. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *U.S. v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). Count Two charges:

> On or about November 2013, in the District of Idaho, the defendant, GREGORY OBENDORF, unlawfully placed and directed the placement of bait on and adjacent to an area for the purpose of causing, inducing, and allowing any person to take or attempt to take any migratory game bird, that is: mallard (Anas platyrhynchos), pintail (Anas acuta), and wood (Aix sponsa) ducks, by the aid of the baiting on and over a baited area; all in violation of the Migratory Bird Treaty Act, Title 16, United States Code, Sections 704(b)(2) and 707(c); Title 50 Code of Federal Regulations, Sections 20.11 and 20.21; and Title 18, United States Code, Section 2.

**MEMORANDUM DECISION AND ORDER - 1**

*Indictment,* Dkt. 1. Obendorf suggests Count Two is duplicitous because it does not indicate the specific person who could take or attempt to take any migratory game bird. Instead, it references "any" person. Therefore, Obendorf contends, some jurors could predicate their verdict on one person while other jurors predicate their verdict on another person.

Obendorf is correct about how the jurors could predicate their verdict, but this does not make the charge duplicative. The Government need not identify a specific person who would "take or attempt to take" the baited birds. To be found guilty of Count Two, Obendorf must have placed and directed the placement of bait on and adjacent to an area, and he must have done so *for the purpose of* causing, inducing, and allowing *any* person to take or attempt to take any migratory game bird. The Government need not prove that anybody actually took or attempted to take a migratory bird. It is sufficient that the government prove that Obendorf acted for the purpose of causing or allowing the take of a migratory game bird.  Accordingly, Count Two is not duplicitous and the motion will be denied.

II.     **Motion to Dismiss for Failure to State an Offense and Lack of Specificity**

Obendorf asks the Court to dismiss the Indictment because it lacks specificity. "Under the Due Process Clause, an indictment or information is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *U.S. v. Huping Zhou*, 678 F.3d 1110, (9th Cir.2012) (*quoting Hamling v. U.S.*, 418 U.S. 87, 117, (1974)). Federal Rule of Criminal

**MEMORANDUM DECISION AND ORDER - 2**

Procedure 7 requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." Fed.R.Crim.P. 7(c)(1). The "indictment 'should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied.'" *U.S. v. Hinton*, 222 F.3d 664, 672 (9th Cir.2000) (*quoting U.S. v. Givens*, 767 F.2d 574, 584 (9th Cir.1985) (citations omitted)). And "[a] count may incorporate by reference an allegation made in another count." Fed.R.Crim.P. 7(c)(1).

As to Count One Obendorf argues that the Indictment fails to specify his alleged co-conspirators. However, paragraph four of the indictment alleges that "J.K., A.D., H.T., and others, upon direction from GREGORY OBENDORF, from November 2007 through November 2013, manipulated the corn planted on the duck field, to include knocking corn with the aid of a tractor and combining the field with the deck plates open so as to crush the corn cobs and to dispose of the manipulated corn back onto the field, all activities outside of normal agricultural practices." *Indictment*, Dkt. 1. And the Government has provided Obendorf with the identities of the individuals referred to by their initials. Common sense dictates that Obendorf knows who these individuals are. Accordingly, Obendorf knows the alleged co-conspirators, and Count One will not be dismissed for lack of specificity.

As to Count Two, Obendorf argues that the Government fails to allege sufficient facts or the necessary scienter element. Regarding the facts, Obendorf argues that the Indictment lacks a sufficient date, location, manner and means by which he allegedly

**MEMORANDUM DECISION AND ORDER - 3**

placed and directed placement of the bait, and the identity of "any person" he caused to take or attempt to take migratory birds.

Regarding the date, it is common for a criminal Indictment to allege a crime occurred "on or about" a certain date, and Ninth Circuit Model Criminal Instruction 3.20 specifically allows the Court to instruct a jury when an indictment alleges that an offense was committed "on or about" a certain date. *See also U.S. v. Loya,* 807 F.2d 1483, 1493-93 (9th Cir. 1987). And generally, an allegation that a crime occurred on or about a specific date is sufficient because it is not open-ended. *See e.g. U.S. v. McCown,* 711 F.2d 1441, 1450 (9th Cir. 1983); *U.S. v. Harrison-Philpot,* 978 F.2d 1520, 1525 (9th Cir. 1992). The November 2013 allegation is sufficient to notify Obendorf of when the alleged conduct occurred. Coupled with discovery provided to Obendorf about field inspections on November 15 and 20, and testimony from A.D. that Obendorf directed him to spill corn back onto the field in early to mid-November, Obendorf is aware of when the crime is alleged to have occurred.

Obendorf next takes issue with the location. The Indictment alleges the crime in Count Two occurred in the District of Idaho. Obendorf suggests this requires him to speculate as to the location of the offense. However, paragraph 1 of the general allegations gives a more specific location of the offenses. That paragraph is specifically incorporated by reference into Count One. And "[a] count may incorporate by reference an allegation made in another count." Fed.R.Crim.P. 7(c)(1). Although paragraph 1 is not specifically incorporated by reference in Count Two, reading the Indictment as a whole sufficiently alleges the location of the location of the allegation in Count Two.

**MEMORANDUM DECISION AND ORDER - 4**

Next, Obendorf argues the Indictment fails to adequately allege the manner and means in which he placed and directed the placement of bait. The Government need not allege more than the fact that Obendorf placed and directed the placement of bait. "[A]an indictment that sets forth the charged offense in the words of the statute itself is generally sufficient." *U.S. v. Mustachio,* 968 F.2d 782, 787 (9th Cir. 1991). The Government need only state the essential facts necessary to apprise Obendorf of the crimes charged – the Government need not explain its entire theory of the case or list its supporting evidence. *Id.* Like he did in his motion to dismiss for duplicity, Obendorf again contends the Indictment must contain the names of the individuals he allegedly caused to take or attempt to take migratory birds. As noted above, the Government need not prove that anybody actually took or attempted to take a migratory bird.

Finally, Obendorf argues that the Government failed to allege *scienter*. Obendorf suggests the Government must allege that he acted with knowledge and intent to prove aiding and abetting. This argument is a little hard for the Court to understand – as the Government points out, Count Two is not an aiding and abetting charge. Accordingly, the argument fails, and the Court will deny the motion to dismiss in its entirety.

### III.    Motion to Dismiss on Void for Vagueness

Obendorf contends the Migratory Bird Treaty Act ("MBTA") is unconstitutionally vague as applied to him. "In an as-applied challenge, a statute is void for vagueness (and thus unconstitutional under due process) if the statute (1) does not define the conduct it prohibits with sufficient definiteness and (2) does not establish minimal guidelines to govern law enforcement." *U.S. v. Wyatt,* 408 F.3d 1257, 1260 (9th Cir. 2005) (Internal

**MEMORANDUM DECISION AND ORDER - 5**

quotations and citations omitted). The MBTA states in relevant part that "[i]t shall be unlawful for any person to . . . place or direct the placement of bait on or adjacent to an area for the purpose of causing, inducing, or allowing any person to take or attempt to take any migratory game bird by the aid of baiting on or over the baited area." 16 U.S.C. 704(b)(2). Relevant definitions of agricultural practices, baiting, and manipulation include,

> (g) Normal agricultural planting, harvesting, or post-harvest manipulation means a planting or harvesting undertaken for the purpose of producing and gathering a crop, or manipulation after such harvest and removal of grain, that is conducted in accordance with official recommendations of State Extension Specialist of the Cooperative Extension Service of the U.S. Department of Agriculture.
>
> (h) Normal agricultural operation means a normal agricultural planting, harvesting, post-harvest manipulation, or agricultural practice, that is conducted in accordance with official recommendations of State Extension Specialist of the Cooperative Extension Service of the U.S. Department of Agriculture.
>
> * * *
>
> (k) Baiting means the direct or indirect placing, exposing, depositing, distributing, or scattering of salt, grain, or other feed that could serve as a lure or attraction for migratory game birds, on, or over any areas where hunters are attempting to take them.
>
> (l) Manipulation means the alteration of natural vegetation or agricultural crops by activities that include but are not limited to mowing, shredding, discing, rolling, chopping, trampling, flattening, burning, or herbicide treatments. The term manipulation does not include the distributing or scattering of grain, seed, or other feed after removal from or storage on the field where grown.

50 C.F.R. § 20.11.

**MEMORANDUM DECISION AND ORDER - 6**

The Government alleges that Obendorf directed his employees to use a tractor to knock down flooded corn, and to combine the field with the deck plates open so as to crush the corn cobs and spread the corn kernels back onto the fields in order to lure migratory ducks. Obendorf essentially argues that his actions were normal agricultural practices, and that he was not given fair notice that such practices would be the predicate for a criminal violation.

Department of Interior, Fish and Wildlife Service, regulations explain that "[w]hether agricultural plantings, harvestings, post-harvest manipulations, operations, or soil stabilization practices are "normal" must be gauged against an objective standard." 64 FR 29801. Therefore, it is the department's policy to "rely upon State Extension Specialists of the Cooperative Extension Service of the U.S. Department of Agriculture (USDA) as the best source of factual and objective information on recommended planting, cultivation, harvest, and utilization of agricultural crops." *Id*. Thus, where migratory bird hunting is anticipated, the Cooperative Extension Service recommendations must be followed in order to fit within the exception to baiting provided in § 20.21. *U.S. v. Webb,* 2013 WL 5935223, *4 (W.D. La. Nov. 4, 2013). Section 20.21, entitled "What hunting methods are illegal?," provides the exceptions to the prohibitions against taking birds over an area which was not otherwise baited. 50 C.F.R. § 20.21.

These rules and regulations define the conduct allowed and prohibited with sufficient definiteness for Obendorf to have determined whether his conduct violated the MBTA. And the Government's allegation that he directed his employees to use a tractor to knock down flooded corn, and to combine the filed with the deck plates open so as to crush the

MEMORANDUM DECISION AND ORDER - 7

corn cobs and spread the corn kernels back onto the fields in order to lure migratory ducks, is a sufficient allegation that Obendorf violated the MBTA. Accordingly, the Court will deny the motion.

### IV. Defense Motion in Limine

Obendorf asks the Court to prevent the Government from introducing evidence or argument about: (1) strategically located piles of corn in front of the pit blind; (2) payment by hunters to Obendorf; and (3) reference to "the duck field." The motion is brought pursuant to Federal Rules of Evidence 401, 402, and 403. Rule 401 states that evidence is relevant if it has any tendency to make a fact more or less probably, and the fact is of consequence in determining the action. Rule 402 states that relevant evidence is admissible unless the Constitution, federal statues or rules provide otherwise. Rule 403 requires the Court to balance relevance against prejudice – relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

As to the piles of corn, the Government intends to introduce evidence that an agent spotted corn piles in front of the pit blind used to hunt birds on Obendorf's property. The Court understands the Government will offer testimony that piles of corn such as these are used to bait birds next to the pit blinds. Such evidence is clearly relevant to the charges in this case. Obendorf suggests the evidence should not be allowed because there is no evidence or testimony that Obendorf played a role in strategically placing the piles of corn. Obendorf references testimony from individuals who say they accidentally

**MEMORANDUM DECISION AND ORDER - 8**

created the piles of corn. Although Obendorf is free to present evidence of the accidental creation of the piles of corn, that does not make the evidence irrelevant. Each side may present their evidence on the piles of corn, and the jury will be free to judge the credibility of such testimony. Therefore, the Court will deny the motion in this regard.

Regarding the evidence of payment to hunters, the Government agrees that it cannot present speculative evidence that anyone paid Obendorf to hunt on his property. The Court will grant the motion in this regard.

As to any reference to the subject field as the "duck field," the Court will deny the motion. The Government has proffered that certain witnesses referred to the subject field as the "duck field" without any prompting from the Government or anyone else. And there is no dispute that the field was used to hunt ducks. Under these circumstances, referring to the field as the "duck field" is not prejudicial.

### V.  Motion for Information Related to S-1, S-2, & S-3

The parties agree that the motion for information related to S-1, S-2, & S-3 is moot. Accordingly, the Court will deem the motion moot.

### VI.  Motion for Notice of Public Authority Defense and Disclosure of Witnesses

The Government filed a motion for notice of public authority defense and disclosure of witnesses. Obendorf responded with his notice. The Government has since filed a separate motion in limine to preclude such testimony. The Court will address that motion in a separate order, but it appears the pending motion for notice is now moot.

### ORDER

   IT IS ORDERED:

MEMORANDUM DECISION AND ORDER - 9

1. Defendant's Motion to Dismiss for Duplicity (Dkt. 15) is **DENIED**.

2. Defendant's Motion to Dismiss for Failure to State an Offense and Lack of Specificity (Dkt. 16) is **DENIED**.

3. Defendant's Motion in Limine (Dkt. 17) is **GRANTED in part and DENIED in part** as explained above.

4. Defendant's Motion for Information Related to S-1, S-2 & S-3 (Dkt. 18) is **DEEMED MOOT**.

5. Government's Motion for Notice of Public-Authority Defense and Disclosure of Witnesses (Dkt. 19) is **DEEMED MOOT**.

6. Defendant's Motion to Dismiss on Void for Vagueness (Dkt. 20 ) is **DENIED**.

DATED: May 4, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court