UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>GREGORY R. OBENDORF,<br><br>             Defendant. | Case No. 1:15-cr-00254-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a supplemental motion in limine filed by defendant Obendorf. The motion is fully briefed and at issue. For the reasons described below, the Court will grant the motion in part, excluding any evidence of Obendorf's "former girlfriend," but will deny the remainder of the motion without prejudice to Obendorf's right to raise an objection at the time the evidence is sought to be introduced.

## ANALYSIS

In the motion, defendant Obendorf moves to exclude: (1) any reference to images taken with the Plotwatcher camera and/or any testimony related to the results of images taken with the Plotwatcher camera; (2) any reference to a "former girlfriend" of his; (3) use of the term "bait" or "baiting" to describe field conditions or any of Obendorf's activities; and (4) speculation as to the purpose or reason behind the condition of any particular field.

With regard to the Plotwatcher camera, the Government intends to use images from one of two cameras placed in one of Obendorf's fields. Obendorf argues that one of the cameras has chain-of-custody problems and that images from that camera must be excluded. The Government responds that it will rely mainly on the other camera that has no chain of custody problems.

Obendorf has not provided any information on the chain of custody problem with the one camera. The Court will therefore deny the motion at this point, without prejudice to the right of Obendorf to raise an objection for a lack of foundation if the Government seeks to introduce evidence from a camera with chain of custody problems.

With regard to the "former girlfriend" issue, the Government responded in its briefing that it does not intend to discuss or elicit any testimony regarding defendant's "former girlfriend" and has asked witnesses to avoid referring to her. Because such evidence does appear irrelevant and prejudicial at this time, the Court will exclude any mention of defendant's "former girlfriend."

Finally, Obendorf moves to exclude the use of the terms "bait" or "baiting" and to exclude any speculation about the purpose or reason behind the condition of any particular field. These objections raise two concerns: (1) Obendorf does not want witnesses speculating about his purpose for taking certain actions; and (2) Obendorf does not want witnesses invading the province of the jury by concluding that he committed one of the elements of the crime – "baiting" – a term of art under the statute.

For example, if a witness views a field full of corn on the ground, he might speculate that Obendorf put the corn there for the purpose of attracting birds (or that

**Memorandum Decision & Order - 2**

Obendorf "baited" the field). If that opinion was based on nothing else, it would be undue speculation and excludable.

But under other circumstances, the use of the term "baiting" or a discussion of Obendorf's purpose in placing corn in a field would be proper. For example, if a witness talked with Obendorf and heard him describe his purpose for putting corn in a field, the witness could recount that conversation; it would not be based on undue speculation. Moreover, a co-conspirator could testify that he was "baiting" a field to attract birds.

Thus, context is crucial to determining whether the witness is speculating or has a proper basis for his testimony. That makes it impossible now – prior to trial – to issue a blanket exclusion of the term "baiting" or of any discussion of Obendorf's purpose in preparing his fields as he did.

Moreover, the Court will be instructing the jury both prior to trial and at its close that the Government has the burden of proving all the elements of the offense – including "baiting" – beyond a reasonable doubt. Thus, if a witness has a proper foundation for using the term, there is no danger of that testimony invading the province of the jury.

The Court will therefore deny this aspect of the motion without prejudice to the right of Obendorf to raise an objection at the time such evidence is sought to be introduced by the Government at trial.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the supplemental motion in limine (docket no. 62) is GRANTED IN PART AND DENIED IN PART. The motion is

**Memorandum Decision & Order - 3**

granted to the extent it seeks to exclude any testimony or evidence regarding Obendorf's "former girlfriend." It is denied in all other respects without prejudice to Obendorf's right to raise an objection when the evidence is sought to be introduced.

DATED: May 6, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order - 4**