UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>GREGORY R. OBENDORF,<br><br>                Defendant. | Case No. 1:15-cr-00254-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

An issue arose during trial when defense counsel attempted to cross-examine two officials from the Cooperative Extension Service on whether the defendant's farming practices had legitimate purposes other than baiting fields for hunting. The Court sustained an objection to this testimony on the ground that it exceeded the scope of the direct examination. The Court will explain its decision here.

In addition, the Court will explain here its interpretation of the regulatory Agricultural Practices Exception.

## ANALYSIS

The Agricultural Practice Exception is contained in 50 C.F.R. §§ 20.11 and 20.21. By its terms it only applies when grains "have been scattered solely as a result of a normal agricultural planting or harvesting, post-harvest manipulation or

normal soil stabilization practice." And a "normal agricultural planting or harvesting [or soil stabilization practice]" must be "conducted in accordance with official recommendations of State Extension Specialists of the Cooperative Extension Service of the U.S. Department of Agriculture."

In other words, the scattering of the grain must be "solely as a result of" an "official recommendation." There is only one way to read that – the recommendation must precede the scattering.

This language means that a farmer may take advantage of the regulatory Agricultural Practice Exception by following an existing official recommendation from the Cooperative Extension Service, or obtaining such a recommendation for his agricultural practice, prior to engaging in the conduct at issue. The recommendation could be verbal or written, and it could have been issued to farmers other than the defendant and then followed by the defendant.

This regulatory exception is essentially a safe harbor for farmers to protect them under certain circumstances from criminal prosecution. But even if a farmer does not take advantage of this regulatory safe harbor, the Government must still prove under the statute (16 U.S.C § 704(b)(2)) that he "place[d] or direct[ed] the placement of bait on or adjacent to an area ***for the purpose of*** causing, inducing, or allowing any person to take or attempt to take any migratory game bird by the aid of baiting on or over the baited area." (emphasis added).

The defense could introduce evidence from a farmer or farm expert that the practice of the defendant had legitimate farming purposes other than baiting a field for hunters.  So this evidence can be introduced by the defense in their case in chief.  It just has nothing to do with the regulatory Agricultural Practice Exception.  Instead, it is rebutting the "purpose" element of the statute.

The testimony that the defense sought to elicit on cross-examination is improper as it exceeded the scope of direct examination – these two witnesses were called simply to discuss the regulatory Agricultural Practice Exception.  But this ruling does not block the defense from putting on evidence during their case regarding the "purpose" element that the Government must prove.

Moreover, the Court will follow this interpretation in drafting the final jury instructions.

DATED: May 13, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court