**FILED**

JUL 09 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30188 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00254-BLW-1 |
| v. | |
| GREGORY OBENDORF, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted February 9, 2018
Seattle, Washington

Before: GOULD, PAEZ, and CHRISTEN, Circuit Judges.

Gregory Obendorf was convicted of unlawfully baiting migratory ducks to facilitate hunting, in violation of 16 U.S.C. § 704(b)(2), and conspiring to do the same. He appeals his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We resolve Obendorf's challenge to the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's interpretation of the Migratory Bird Treaty Act regulations in a concurrently filed opinion.

1. The district court did not abuse its discretion, *see United States v. Torralba–Mendia*, 784 F.3d 652, 659 (9th Cir. 2015), by admitting evidence of the corn piles over Obendorf's objections. The corn-pile evidence was relevant to the conspiracy charge and not unfairly prejudicial under Rule 403. Andrew Deboer testified that he created the corn piles on his own initiative to "impress the boss" after he was instructed to harvest the duck field in a manner designed to attract ducks. Although the government's theory of the case involved a more subtle form of baiting, Obendorf is liable for the reasonably foreseeable criminal acts of his co-conspirators in furtherance of the conspiracy. *See United States v. Bingham*, 653 F.3d 983, 997 (9th Cir. 2011). The district court instructed the jury that it could consider Deboer's testimony and the photograph of the corn piles only if the jury found that there was a conspiracy to place bait, that Obendorf and Deboer were members of the conspiracy, and that Deboer's actions were within the scope of the conspiracy and reasonably foreseeable to Obendorf. In light of the limiting instruction that we presume the jury followed, *see United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995), the district court did not abuse its discretion by

concluding that the risk of unfair prejudice did not substantially outweigh the probative value of the corn-pile evidence, *see* Fed. R. Evid. 403.

2. Obendorf's sentence of 15 days of community confinement is not substantively unreasonable. *See United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) ("[O]ur review of the substantive reasonableness of a sentence is deferential and will provide relief only in rare cases."). The U.S. Sentencing Guidelines recommended a sentence between 18 and 24 months, and the Guidelines themselves account for the need to avoid unwarranted disparities in sentencing. *See United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010). The record reveals that the district court considered Obendorf's circumstances and the 18 U.S.C. § 3553(a) factors before pronouncing a sentence.

The district court did not abuse its discretion when imposing the challenged special conditions of Obendorf's probation. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) ("The sentencing judge has broad discretion in setting probation conditions . . . ."). The three-year ban on obtaining hunting and fishing licenses is reasonably related to Obendorf's wildlife crimes and comports with the limitations set forth in 18 U.S.C. § 3563(b). The same is true of the prohibition on baiting or feeding waterfowl. Obendorf suggests this condition

prevents him from farming, but we think it plain that the condition proscribes only intentional feeding or baiting, whether direct or indirect.

Finally, the $40,000 fine is not unreasonable. *See United States v. Orlando*, 553 F.3d 1235, 1239–40 (9th Cir. 2009). The amount of the fine corresponds to the pre-sentence report's estimate of the market value of the ducks taken. The district court declined to enhance Obendorf's sentence under U.S. Sentencing Guideline § 2Q2.1(b)(3)(A)(ii) based on that figure because such an enhancement would have increased Obendorf's Total Offense Level by six points, and the district court did not find the ducks' value established by clear and convincing evidence. *See United States v. Gardenhire*, 784 F.3d 1277, 1280 n.3 (9th Cir. 2015). However, we review the fine for reasonableness and fidelity to the factors in 18 U.S.C. §§ 3553(a) and 3572(a)—not to determine whether it is supported by clear and convincing evidence. *See Orlando*, 553 F.3d at 1239–40. Obendorf has not shown that the fine is unreasonable.

**AFFIRMED.**